Bay, J.
delivered the opinion of the Court.
The case, as stated, appears to me to present two points for the consideration of the Court. 1st., whether there were legal grounds for the recision of the contract or not? And 2dly. whether upon a supposition there were not legal grounds for setting aside the contract, the plaintiff has been legally divested of the property by title paramount?
1st. With respect to the first ground, I take it for granted that there is no better established principle in our whole legal system of jurisprudence, at this day, than the one borrowed from the civil law, “ that a sound price, merits a sound commodityBut this, like every other wise principle of our law, has its concomitants and attendants, and if these are wanting, the principle itself will not apply. One of the fii-st and leading circumstances, necessarily attendant on this prin *363 eiple of law, is, that as soon as the defect of the thing purchased, is discovered, it should be tendered'back to the seller, and a restitution of the price demanded. When these requisites wanting, or are totally disregarded; there surely can be no ground for a party to come into a Court of Justice, and demand a recision of the sale. Now let us apply these principles to the case before us.
. The contract of sale, was made on the 6th Feb. 1810, and the wench in question remained in the plaintiff’s possession, upwards of a year, without any complaint ever being made to the defendants, (who were the plaintiff’s neighbours on Santee,) of any defect of mind of body, during all this time: and this was certainly a reasonable time for the discovery of any defects, if she had had any: and finally, after this lapse of time, she was sent off by the plaintiff, for sale, to Charleston, to the plaintiff’s agent, at the plaintiff’s risk, where she was illegally seized, and sold by the Sheriff of Charleston District.. I call it illegally sold, because the property Had never been bound by the execution against Joseph, the son; it had been transferred to Mitchell, the plaintiff, more than twelve months before the execution was lodged against him. I do not know that I am warranted in saying, this was the reason why the wench sold so low as five dollars, but this Í am warranted in saying, that if it had been known, that she was sold as the property oi Joseph, when, *364 in fact, she really and in truth belonged to Mitch« ell, the plaintiff no man, in his senses, would have bid one dollar for her. For these reasons, I am of opinion, that the first ground gives way under the plaintiff, and that it does not appear to me, there are any legal grounds for the recision of this contract.
K. L. Simons, for the motion,
Richardson, contra.
2dly. The second ground is So nearly allied to the first, and is so much involved in it, that it is difficult to separate it from the foregoing. I have already considered the Sheriff as a trespasser, in seizing and selling the goods of one man, which belonged to another ; and this is the only reason assigned by the plaintiff, for the divestment of the property out of him: it was an unauthorized act; and he, or the plaintiff, who pointed out the property, as belonging to Joseph, one of the defendants, must be liable for the consequences to the plaintiff, Mitchell. From the best view, therefore, I can take of the subject, Í am decidedly of opinion, there should be a new trial.
The other Judges concurred.